# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE AMERICAN CIVIL LIBERTIES UNION OF NEVADA, *et al.* | |
| Plaintiffs, | Case No. 08-cv-00822-JCM-PAL |
| vs. | **ORDER** |
| MASTO, *et al.*, | (Motion for Protective Order #9) |
| Defendants. | |

The Court conducted a hearing on August 12, 2008 Plaintiff's Motion for and Memorandum in Support of Protective Order to Allow Plaintiff's [sic] to Proceed Using Pseudonyms Does 1-5 and Does A-G (the "Motion") (Docket No. 9) filed by Plaintiffs The American Civil Liberties Union of Nevada, Does 1-5, and Does A-G (collectively, the "Plaintiffs").[1] Robert Langford and Margaret McLetchie appeared on behalf of the Plaintiffs. Kimberly Buchanan appeared on behalf of the Defendants. In response to the Motion, Defendants Michael Haley and Richard A. Gammick (the "Washoe County Defendants") filed a brief in opposition (the "Opposition") (Docket No. 39), in which Defendants Catherin Cortez Masto, Gerald Hafen, Bernard W. Curtis, and Captain P.K. O'Neill (the "State of Nevada Defendants," and together with the Washoe County Defendants, the "Defendants") joined (Docket No. 51). Plaintiffs filed replies to the Opposition on July 24, 2008 (collectively, the "Reply") (Docket Nos. 52, 55). The Court has considered the Motion, the Opposition, and the Reply, as well as the arguments of counsel made on the record.

/ / /

---

[1] Subsequent to the filing of the Motion, Plaintiffs filed an Amended Complaint, increasing the number of Plaintiffs to Does 1-8 and Does A-S. Pursuant to Plaintiffs' Reply (Docket No. 52), the Motion is made applicable to all Plaintiffs named in the Amended Complaint.

**BACKGROUND**

This case arises out of Plaintiffs' allegations under 42 U.S.C. § 1983 that Nevada's sex offender laws, as modified by AB579 and SB47 (the "New Sex Offender Laws"), are unconstitutional. On July 7, 2008, District Judge Mahan entered a preliminary injunction enjoining enforcement of certain provisions of the New Sexual Offender Laws and set a briefing schedule and hearing. Plaintiffs filed the current Motion, seeking a protective order to allow Plaintiffs Does 1-8 and Does A-S (collectively, the "Doe Plaintiffs") to proceed in this matter under pseudonym.

**DISCUSSION**

**I.      Applicable Legal Standard.**

    **A.      Protective Orders Generally.**

Fed. R. Civ. P. 26(c) permits the court to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression or undue burden or expense" upon motion by a party or a person from whom discovery is sought. The burden of persuasion under Fed. R. Civ. P. 26(c) is on the party seeking the protective order. Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). To meet that burden of persuasion, the party seeking the protective order must show good cause by demonstrating a particular need for the protection sought. Beckman Indus., Inc., v. Int'l. Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." Id. (citing Cipollone v. Liggett, 785 F.2d at 1121). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that prejudice or harm will result if no protective order is granted." Foltz v. State Farm, 331 F.3d 1122, 1130 (9th Cir. 2003) (citing San Jose Mercury News, Inc., v. District Court, 187 F.3d 1096, 1102 (9th Cir. 1999)).

In Seattle Times Co. v. Rhinehart, the Supreme Court interpreted the language of Fed. R. Civ. P. 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." 467 U.S. 20, 36 (1984). The Supreme Court acknowledged that the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." Id. Although the trial court has broad discretion in

fashioning protective orders, the Supreme Court has also recognized "a general right to inspect and copy public records and documents, including judicial records and documents." <u>Nixon v. Warner Communications</u>, 435 U.S. 589, 597 (1978). However, the common law right to inspect and copy judicial records is not absolute. <u>Id.</u> Thus, the Supreme Court concluded, "[e]very court has supervisory power of its own records and files, and access has been denied where the court files might have become a vehicle for improper purposes." <u>Id.</u>

Unless court records are of the type "traditionally kept secret," the Ninth Circuit recognizes a "strong presumption in favor of access." <u>Foltz v. State Farm Mutual Auto Insurance Company</u>, 331 F.3d 1122, 1135 (<u>citing</u> <u>Hagestad v. Tragesser</u>, 49 F.3d 1430, 1434 (9th Cir. 1995)). Grand jury transcripts and warrant materials involved in pre-indictment investigations are two categories of documents and records which have "traditionally been kept secret for important policy reasons." <u>Times Mirror Co. v. United States</u>, 873 F.2d 1210, 1219 (9th Cir. 1989). Although the federal common law right of access exists, it "does not mandate disclosure in all cases." <u>San Jose Mercury News, Inc.</u>, 187 F.3d at 1102. The strong presumption in favor of public access recognized by the Ninth Circuit "can be overcome by sufficiently important countervailing interests." <u>Id.</u>

Recently, the Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172 (9th Cir. 2006). There, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions. Citing <u>Phillips</u> and <u>Foltz</u>, the <u>Kamakana</u> court reiterated that a protective order issued under the Rule 26(c) may be issued once a particularized showing of good cause exists for preserving the secrecy of discovery materials. "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties." 447 F.3d at 1180. The <u>Kamakana</u> court, therefore, held that a "good cause" showing is sufficient to seal documents produced in discovery. <u>Id.</u>

However, the <u>Kamakana</u> decision also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. A showing of "good cause" does not, without more, satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to dispositive motions. <u>Id.</u> The court found that:

> Different interests are at stake with the right of access than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. (Citation omitted). This fact sharply tips the balance in favor of production when a document formally sealed for good cause under Rule 26(c) becomes part of the judicial record. Thus, a "good cause" showing alone will not suffice to fulfill the "compelling reasons" standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments.

Id.

 Kamakana recognized that "compelling reasons" sufficient to outweigh the public's interests in disclosure and justify sealing records exist when court records may be used to gratify private spite, permit public scandal, circulate libelous statements, or release trade secrets. Id. at 1179 (internal quotations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citing Foltz, 331 F.3d at 1136). To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy, *and* show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process. Id. at 1181 (internal citations omitted).

### B.   Proceeding Under Pseudonym.

As a general matter, "the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." United States v. Doe, 488 F.3d 1154, 1156 at n.1 (9th Cir. 2007); United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008). Moreover, Federal Rule 10(a) requires that the title of every complaint "include the name of all the parties." Fed.R.Civ.P. 10(a). In Stoterau, the Ninth Circuit underscored the "fundamental importance of issuing public decisions after public arguments based on public records." Id. at 1012 (citing Doe v. United States, 253 F.3d 256, 262 (6th Cir. 2001) (internal citation omitted)). The Ninth Circuit found that plaintiff–a convicted sex offender–was not entitled to proceed under pseudonym although he claimed that dissemination of information regarding the nature of his offense could endanger his personal safety in prison. Id. The Ninth Circuit concluded that even the potential threat of bodily harm in prison was not an exceptional circumstance justifying departure from the general rule

1   that court proceedings are a matter of public record. Id. (citing United States v. Mentzos, 462 F.3d 830,
2   843 at n. 4 (8th Cir. 2006)).

3   Notwithstanding the general preference for disclosure, however, in an unusual case, the Ninth
4   Circuit permits a party to proceed by pseudonym where it "is necessary...to protect a person from
5   harrasment, injury, ridicule, or personal embarrassment." United States v. Doe, 655 F.2d 920, 922 at n.1
6   (9th Cir. 1981). In determining whether to allow pseudonymity, the court must balance the need for
7   anonymity against the general presumption that parties' identities are a matter of public record. See
8   Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000) (applying balancing
9   test to employment retaliation claim).

10  The Ninth Circuit recognizes three classes of cases where anonymity is justified despite the
11  general rule in favor of disclosure. Id. (citing Doe, 655 F.2d at 922). First, where identification creates
12  a risk of retaliatory physical or mental harm, proceeding under pseudonym may be appropriate. Does I
13  thru XXIII, 214 F.3d at 1068. Second, anonymity is appropriate to preserve privacy in a matter of a
14  highly personal or sensitive nature. Id. Third, proceeding under pseudonym is justified in cases where,
15  absent anonymity, the party would be compelled to admit his or her intention to engage in criminal
16  conduct and risk prosecution. Id.

17  In balancing the interests in the first class of cases, a court should consider the following factors:
18  (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3)
19  the anonymous party's vulnerability to such retaliation. Id. Lastly, a court must also consider whether
20  the public's interest in the case justifies anonymity. Id. at 1068-69.

21  **II.     Analysis of Parties' Positions.**

22  The Doe Plaintiffs assert that proceeding under pseudonym is required because this case falls
23  within each of the above-referenced classes of cases where anonymity is justified. The Doe Plaintiffs
24  argue that if their identities are disclosed, they risk retaliation by the community. Moreover, the Doe
25  Plaintiffs believe anonymity is justified because a crime of sexual misconduct is "a very private and
26  embarrassing topic." The Doe Plaintiffs further allege that if they were required to disclose their
27  identities, they would be at risk for criminal prosecution for failing to comply with the provisions of the
28  New Sexual Offender Laws. Lastly, the Doe Plaintiffs argue that disclosure of their identities will

effectively moot the claims asserted in the underlying Amended Complaint.

The Defendants argue, however, that the Doe Plaintiffs have neither demonstrated any protected privacy interest in remaining anonymous, nor have they enunciated any concrete prejudice that would result from disclosure. Defendants assert that any harm resulting from disclosure of the Doe Plaintiffs' identities is speculative at best. Moreover, Defendants believe that without identification of the Doe Plaintiffs, the Defendants are unable to examine the veracity of the Doe Plaintiffs' allegations in the Amended Complaint regarding the effect of the New Sex Offender Laws.

During oral argument, counsel for the Doe Plaintiffs clarified that the Doe Plaintiffs do not seek to prevent Defendants from learning the identities of the Doe Plaintiffs. They are willing to disclose the names and identifying information of the Doe Plaintiffs to enable Defendants to investigate the validity of the Doe Plaitiffs' claims and standing to seek injunctive relief. However, the Doe Plaintiffs seek a protective order precluding public disclosure of their identities, fearing retaliation by the public and/or the Department of Parole and Probation for challenging the New Sex Offender Laws. Given this clarification, counsel for the Defendants did not oppose the Doe Plaintiffs' request to proceed under pseudonym while the District Judge adjudicates the merits of the Motion for Permanent Injunction.

The Court is not persuaded that the Doe Plaintiffs have established that anonymity is required. However, the District Judge has granted a preliminary injunction enjoining enforcement of the New Sex Offender Laws. Written findings of fact and conclusions of law were not entered, and it is unclear which specific statutory enforcement provisions have been enjoined. A briefing schedule has been established, and a hearing is currently set for September 15, 2008. Under these circumstances, the Court will grant the Doe Plaintiffs' request to proceed under pseudonym until further order.

However, fundamental fairness dictates that the Defendants have the opportunity to investigate and assess whether the anonymous Doe Plaintiffs are all offenders who face immediate and irreparable harm and meet the standing requirements for injunctive relief as Plaintiffs allege in their papers. See, e.g., Plaintiff's Motion for and Memorandum of Points and Authorities in Support of Temporary Restraining Order and Preliminary Injunction (Docket No. 7) at 23, 27-28. Moreover, the Court questions whether the Doe Plaintiffs fall within the class of cases where the Ninth Circuit has allowed parties to proceed under pseudonym, because their convictions for various sexual offenses are a matter

of public record. While not binding on this Court, the holding of the court in <u>Rowe v. Burton</u>, 884 F.Supp 1372, 1385-88 (D. Alaska 1994), is persuasive. There, the district court granted a preliminary injunction in part, preventing public dissemination of certain information required by Alaska's sexual offender registration law pending a decision on the merits of the plaintiffs' constitutional challenge of the law on *ex post facto* and other grounds. However, the court denied plaintiffs' request to proceed under pseudonym, finding the information they sought to keep private–i.e., their names and pleas to various sex offenses–was already public. The court found that the public nature of their actions was "fatal to their claims that anonymity is required to shield them from stigma" arising from their attacks on Alaska's sex offender registration law and that "any stigma that may attach comes not from the challenge to the Registration Act, but from the underlying sex offense." <u>Id.</u> at 1387.

In summary, the Court will require counsel for the Doe Plaintiffs to disclose the names and personal identifiers of the Doe Plaintiffs to defense counsel but will enter a temporary protective order precluding the Defendants from publicly disseminating the identities of the Doe Plaintiffs or using the information provided by the Doe Plaintiffs for any purpose unrelated to this litigation. The Court will also permit the Doe Plaintiffs to proceed under pseudonym while the District Judge rules on the merits of Plaintiffs' request for injunctive relief.

Based upon the foregoing,

**IT IS ORDERED** that the Motion is granted in part and denied in part as follows:

1. The Doe Plaintiffs are permitted to proceed under pseudonym for purposes of the public record while the District Judge adjudicates the merits of the Permanent Injunction and unless otherwise ordered by this Court.

2. Counsel for the Doe Plaintiffs shall disclose the names and personal identifiers of the Doe Plaintiffs to counsel for the Defendants.

3. A temporary protective order is entered precluding the Defendants from disclosing the names and personal identifiers of the Doe Plaintiffs and from using this information for any purpose not related to this litigation.

4. Counsel for the Defendants may request criminal records and related information necessary to investigate the Doe Plaintiffs' standing to bring this action from the

Department of Parole and Probation and/or any other governmental source but shall not disclose the purpose for which the information is sought.

Dated this 18th day of August, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE