# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THE AMERICAN CIVIL LIBERTIES UNION OF NEVADA, et al.,

Plaintiffs,

v.

CATHERINE CORTEZ MASTO, et al.,

Defendants.

2:08-CV-822 JCM (PAL)

## ORDER

Presently before the court is the matter of *ACLU of Nevada v. Masto, et al.*, case number 2:08-cv-00822-JCM-PAL. On April 11, 2012, this court issued its order on mandate as to the Ninth Circuit's opinion reversing in part and remanding this court's order granting plaintiff's motion for summary judgment.

The Ninth Circuit dismissed as moot the state's appeal as to Senate Bill 471, in light of the state's concession that it would not enforce the contested provisions of the bill. *ACLU v. Masto*, 670 F.3d 1046, 1063-64 (9th Cir. 2012). The Ninth Circuit then remanded the case to this court "to consider vacating its Order as to Senate Bill 471 in favor of a binding consent decree." *Id.* at 1050. The panel cautioned, however, that "if no consent decree can be negotiated, [the Ninth Circuit's] dismissal of the State's appeal will leave the district court's injunction in vigor."

This court ordered supplemental briefing, to determine if the parties had negotiated a consent decree, and if they had not, what the prospects for doing so were. Doc. #119. Attached as an exhibit to its supplemental brief, the state filed a proposed consent decree. *See* Doc. #120, Ex. B. The

**James C. Mahan**
**U.S. District Judge**

1  ACLU, however, argues that it was never consulted with regards to the substance of the decree, nor
2  given an opportunity to view it prior to its being filed with the court. Doc. #121, 2:9-10. In light of
3  the state's unilateral submission of the proposed decree, this court must find that "no consent decree
4  [was] negotiated" and thus, the previous injunction "remains in vigor."

5  Should the parties be able to negotiate a comprehensive consent decree that covers all
6  agencies responsible for enforcing Senate Bill 471 and all relevant provisions of the law, they may
7  individually, or together jointly, submit it for the court's consideration. Until and unless such decree
8  is provided to, and approved by, the court, the permanent injunction remains in full effect.

9  IT IS SO ORDERED.

10  DATED June 26, 2012.

*James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -