1  CATHERINE CORTEZ MASTO
   Attorney General
2  KIMBERLY A. BUCHANAN
   Senior Deputy Attorney General
3  Nevada Bar No. 5891
   Public Safety Division
4  555 East Washington Avenue, #3900
   Las Vegas, Nevada  89101
5  (702) 486-3420
   *Attorneys for Defendants,*
6  *CATHERINE CORTEZ MASTO; GERALD HAFEN;*
   *BERNARD W. CURTIS and CAPTAIN P.K. O'NEILL*
7

8              **UNITED STATES DISTRICT COURT**

9                **DISTRICT OF NEVADA**

10

11  THE AMERICAN CIVIL LIBERTIES UNION OF
    NEVADA, DOES 1 – 8 and DOES A – S,          CASE NO.  2:08-cv-00822-JCM-PAL
12  individuals,

13                    Plaintiffs,

14  v.                                          **ORDER CLARIFYING INJUNCTION AS
                                                  TO SENATE BILL 471**
15  CATHERINE CORTEZ MASTO, Attorney
    General of the State of Nevada; GERALD
16  HAFEN, Director of the Nevada Department of
    Public Safety; BERNARD W. CURTIS, Chief,
17  Parole and Probation Division of the Nevada
    Department of Public Safety; CAPTAIN P.K.
18  O'NEILL, Chief, Records and Technology
    Division of the Nevada Department of Public
19  Safety; MICHAEL HALEY, Sheriff of the Washoe
    County Sheriff's Office; MICHAEL POEHLMAN,
20  Chief of the Reno Police Department; RICHARD
    A. GAMMICK, District Attorney of Washoe
21  County; DOUGLAS GILLESPIE, Sheriff of the
    Las Vegas Metropolitan Police Department;
22  JOSEPH FORTI, Chief of the North Las Vegas
    Police Department; DAVID ROGER, District
23  Attorney of Clark County; CHIEF RICHARD
    PERKINS, Henderson Police Department,
24

25                    Defendants.

26

27       1.       This court has jurisdiction pursuant to 42 U.S.C. §1983, 28 U.S.C. § 1331 and

28  28 U.S.C. § 1343 and has personal jurisdiction over defendants.

-1-

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

2.     On July 24, 2008, (Doc. 51), a stipulation was entered which dismissed defendants Douglas Gillespie, sheriff of the Las Vegas Metropolitan Police Department, Joseph Forti, chief of the North Las Vegas Police Department, David Roger, District Attorney of Clark County and Richard Perkins, chief of the Henderson Police Department (collectively "Clark County law enforcement defendants")  on the agreement that they would be bound by the decision in this case as litigated by plaintiffs and state defendants. Accordingly, Clark County law enforcement defendants are bound by the terms of this order.

3.     On October 7, 2008, (Doc. 77), this court entered a preliminary injunction permanently enjoining the enforcement of Assembly Bill (A.B.) 579 and Senate Bill (S.B.) 471.[1]

4.     On February 10, 2012, the Ninth Circuit Court of Appeals issued its decision on the appeal of the permanent injunction and reversed and remanded this matter.

5.     The Ninth Circuit decision reversed the district court's findings as to A.B. 579 and accordingly the injunction as to A.B. 579 is dissolved.

6.     The Ninth Circuit made it clear that the only provisions of S.B. 471 properly at issue in this action are the specific sections amending movement and residency restrictions.[2] The Ninth Circuit also indicated the injunction was not reflective of the district court's findings. Thus the scope of the October 7, 2008 injunction against S.B. 471 was overly broad as drafted and this order hereby clarifies the proper scope of the injunction against S.B. 471 as it was entered on October 7, 2008.

7.     The State of Nevada agrees not to enforce the following movement and residency statutes for convictions that occurred prior to the date that this order is entered:

a.     S.B. 471 (2007), Sec. 2 amending NRS 176A.410(1)(m).

b.     S.B. 471 (2007), Sec. 2 amending NRS 176A.410(2)(a).

c.     S.B. 471 (2007), Sec. 8 amending NRS 213.1243(3).

d.     S.B. 471 (2007), Sec. 8 amending NRS 213.1243(4)(a).

e.     S.B. 471 (2007), Sec. 9 amending NRS 213.1245(1)(l).

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

[1] A copy of Senate Bill 471 is attached hereto as Exhibit A for ease of reference.
[2] See ACLU v. Masto, 670 F.3d 1046, fn 3 (2012).

f.      S.B. 471 (2007), Sec. 10 amending NRS 213.1255(1)(a).

The above listed provisions, a-f, may be enforced as to convictions that occur on or after the date that this order is entered.

8.      All other sections or sub-sections contained in S.B. 471 (2007), other than those specified in 6 a-f above, are subject to the enacting provisions set forth in S.B. 471 (2007), Sec. 16 and Sec. 17, and were in full force and effect as of the effective date of the bill. These include the following substantive provisions.[3]

a.      S.B. 471 (2007), Sec. 1 amending NRS 176.0926 (1)(b)(2)-(4).

b.      S.B. 471 (2007), Sec. 2 amending NRS 176A.410(1), (1)(b)(1)-(2), (1)(q), (2)(b)-(c), (3)(a)-(c), (4), (6) and (7).

c.      S.B. 471 (2007), Sec 3 amending NRS 179D.230(4).

d.      S.B. 471 (2007), Sec 4 amending NRS 179D.240(6)(a)-(d), (7), and (10).

e.      S.B. 471 (2007), Sec 5 amending NRS 179D.450 (4).

f.      S.B. 471 (2007), Sec 6 amending NRS 179D.460 (6)(a)-(d), (7) and (10).

g.      S.B. 471 (2007), Sec 7 amending NRS 200.366(3)(b)-(c).

h.      S.B. 471 (2007), Sec 8 amending NRS 213.1243 (4)(b)-(c), (5)(a)-(c), (6), (7), (8), (9) and (10).

i.      S.B. 471 (2007), Sec 9 amending NRS 213.1245(1)(a)(1)-(2).

j.      S.B. 471 (2007), Sec 10 amending NRS 213.1255 (1)(b)-(c), (2), (3), (4), (5) and (6).

k.      S.B. 471 (2007), Sec 10.5 amending NRS 213.130(3), (9), (10) and (11).

l.      S.B. 471 (2007), Sec 11 amending Section 26 of A.B. 579.

m.      S.B. 471 (2007), Sec 12 amending Section 27 of A.B. 579.

/ / /

/ / /

/ / /

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

---

[3] Numerical statutory changes are not addressed.

n.   The fiscal and enacting provisions set forth in Sec. 14-17 shall remain in full force and effect except as otherwise provided for herein.

## ORDER

**IT IS SO ORDERED.**

_James C. Mahan_

UNITED STATED DISTRICT COURT JUDGE
DATED:  February 8, 2013                    .

Respectfully submitted by:

CATHERINE CORTEZ MASTO
Attorney General

_/S/  Kimberly A. Buchanan_
KIMBERLY A. BUCHANAN
Senior Deputy Attorney General
Nevada Bar No.: 5891
Office of the Attorney General
Public Safety Division
555 East Washington Avenue, #3900
Las Vegas, Nevada  89101
_Attorneys for Defendants_
_CATHERINE CORTEZ MASTO;_
_GERALD HAFEN; BERNARD W. CURTIS_
_and CAPTAIN P.K. O'NEILL_

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

# EXHIBIT A

EXHIBIT A

Senate Bill No. 471– Committees on
Judiciary and Finance

CHAPTER..........

AN ACT relating to public safety; revising the provisions
concerning certain sex offenders who are on lifetime
supervision or released on parole, probation or a suspended
sentence; requiring incarcerated sex offenders and offenders
convicted of a crime against a child to register with a local
law enforcement agency before being released from prison;
requiring sex offenders and offenders convicted of a crime
against a child who have not provided a biological specimen
to provide a biological specimen at the time of registration
with a local law enforcement agency; increasing the
minimum sentence for certain sexual offenses committed
against a child; revising the penalty for a violation of a
condition imposed pursuant to the program of lifetime
supervision; revising provisions concerning the procedures
for meetings to consider prisoners for parole; making various
other changes to provisions relating to certain offenders;
providing penalties; making appropriations; and providing
other matters properly relating thereto.

**Legislative Counsel's Digest:**
Existing law sets forth certain conditions to be imposed on sex offenders placed
under a program of lifetime supervision or released on parole, probation or a
suspended sentence. (NRS 176A.410, 213.1243, 213.1245, 213.1255) Under
**sections 2, 8 and 10** of this bill, if an offender is: (1) convicted of certain crimes
against a child under the age of 14 years; (2) a Tier 3 offender; and (3) placed under
a program of lifetime supervision or released on parole, probation or a suspended
sentence, the offender must not establish a residence within 1,000 feet of certain
locations frequented primarily by children and must be placed under a system of
active electronic monitoring if the Chief Parole and Probation Officer deems such
monitoring appropriate. **Sections 2, 8 and 10** also require an offender placed under
a system of active electronic monitoring to pay to the extent of his ability any costs
associated with such monitoring and prohibit a person from removing or disabling
an electronic monitoring device without authorization.
In addition, **sections 2, 8 and 9** of this bill prohibit certain sex offenders from
being within 500 feet of certain locations frequented primarily by children. **Section
8** also requires a court that issues an arrest warrant for a violation of a condition
imposed pursuant to the program of lifetime supervision to transmit notice of the
issuance of the warrant to the Central Repository for Nevada Records of Criminal
History within 3 business days.
Existing law requires a sex offender or an offender convicted of a crime against
a child to register with a local law enforcement agency within 48 hours after
arriving or establishing a residence in the jurisdiction of the local law enforcement
agency. (NRS 179D.240, NRS 179D.460) **Section 3** of this bill requires an
incarcerated offender convicted of a crime against a child to register, before being
released from prison, with the appropriate local law enforcement agency in whose



– 2 –

jurisdiction the offender will be a resident offender upon release. **Section 5** of this bill requires an incarcerated sex offender to register, before being released, with the appropriate law enforcement agency in whose jurisdiction the sex offender will be a resident sex offender upon release.

Existing law requires a court to order, at sentencing, that a biological specimen be obtained from a person convicted of certain crimes. (NRS 176.0913) **Section 4** of this bill requires an offender convicted of a crime against a child to provide a biological specimen at the time the offender registers with a local law enforcement agency if the offender has not already provided a biological specimen. **Section 6** of this bill requires a sex offender to provide a biological specimen at the time the sex offender registers with a local law enforcement agency if the sex offender has not already provided a biological specimen.

Existing law establishes the imposition of minimum sentences for certain sexual offenses committed against a child. (NRS 200.366) **Section 7** of this bill increases the minimum number of years that must be served before a person is eligible for parole for committing a sexual assault against a child under the age of 16 years that does not result in substantial bodily harm to the child from 20 to 25 years. **Section 7** also increases the minimum number of years that must be served before a person is eligible for parole for committing a sexual assault against a child under the age of 14 years that does not result in substantial bodily harm to the child from 20 to 35 years.

**Section 10.5** of this bill clarifies the procedure concerning meetings to consider prisoners for parole by specifying that such meetings are quasi-judicial and limited to the rights set forth in statute. In addition, **section 10.5** requires the State Board of Parole Commissioners to provide reasonable notice of a meeting and an opportunity to be present at the meeting to a prisoner who will be considered for parole. Parole may not be denied at a meeting unless the Board has complied with those requirements. **Section 10.5** further provides that a prisoner or his representative must be allowed to speak during a meeting to consider the prisoner for parole and requires the Board to provide written notice of its decision and any recommendations it may have to the prisoner not later than 10 working days after the meeting. (NRS 213.130)

**Sections 11 and 12** of this bill reconcile the provisions of Assembly Bill No. 579 of this session with the provisions of this bill.

**Sections 13 and 14** of this bill make appropriations to the State Motor Pool and the Division of Parole and Probation of the Department of Public Safety.

---

THE PEOPLE OF THE STATE OF NEVADA, REPRESENTED IN SENATE AND ASSEMBLY, DO ENACT AS FOLLOWS:

**Section 1.**  NRS 176.0926 is hereby amended to read as follows:

176.0926   1.   If a defendant is convicted of a crime against a child, the court shall, following the imposition of a sentence:

(a) Notify the Central Repository of the conviction of the defendant, so the Central Repository may carry out the provisions for registration of the defendant pursuant to NRS 179D.230.

(b) Inform the defendant of the requirements for registration, including, but not limited to:



– 3 –

(1) The duty to register in this State during any period in which he is a resident of this State or a nonresident who is a student or worker within this State and the time within which he is required to register pursuant to NRS 179D.240;

(2) The duty to register in any other jurisdiction , *including, without limitation, any jurisdiction outside the United States,* during any period in which he is a resident of the other jurisdiction or a nonresident who is a student or worker within the other jurisdiction;

(3) If he moves from this State to another jurisdiction, *including, without limitation, any jurisdiction outside the United States,* the duty to register with the appropriate law enforcement agency in the other jurisdiction;

(4) The duty to notify the local law enforcement agency in whose jurisdiction he formerly resided, in person or in writing, if he changes the address at which he resides, including if he moves from this State to another jurisdiction, *including, without limitation, any jurisdiction outside the United States,* or changes the primary address at which he is a student or worker; and

(5) The duty to notify immediately the appropriate local law enforcement agency if the defendant is, expects to be or becomes enrolled as a student at an institution of higher education or changes the date of commencement or termination of his enrollment at an institution of higher education or if the defendant is, expects to be or becomes a worker at an institution of higher education or changes the date of commencement or termination of his work at an institution of higher education.

(c) Require the defendant to read and sign a form confirming that the requirements for registration have been explained to him.

2.   The failure to provide the defendant with the information or confirmation form required by paragraphs (b) and (c) of subsection 1 does not affect the duty of the defendant to register and to comply with all other provisions for registration pursuant to NRS 179D.200 to 179D.290, inclusive.

Sec. 2.   NRS 176A.410 is hereby amended to read as follows:

176A.410   1.   Except as otherwise provided in subsection [3.] *6,* if a defendant is convicted of a sexual offense and the court grants probation or suspends the sentence, the court shall, in addition to any other condition ordered pursuant to NRS 176A.400, order as a condition of probation or suspension of sentence that the defendant:

(a) Submit to a search and seizure of his person, residence or vehicle or any property under his control, at any time of the day or night, without a warrant, by any parole and probation officer or any



– 4 –

peace officer, for the purpose of determining whether the defendant has violated any condition of probation or suspension of sentence or committed any crime. {;}

(b)  Reside at a location only if {it} :

*(1)  The residence* has been approved by the parole and probation officer assigned to the defendant. {and keep}

*(2)  The defendant keeps* the parole and probation officer *assigned to the defendant* informed of his current address. {;}

(c)  Accept a position of employment or a position as a volunteer only if it has been approved by the parole and probation officer assigned to the defendant and keep the parole and probation officer informed of the location of his position of employment or position as a volunteer. {;}

(d)  Abide by any curfew imposed by the parole and probation officer assigned to the defendant. {;}

(e)  Participate in and complete a program of professional counseling approved by the Division. {;}

(f)  Submit to periodic tests, as requested by the parole and probation officer assigned to the defendant, to determine whether the defendant is using a controlled substance. {;}

(g)  Submit to periodic polygraph examinations, as requested by the parole and probation officer assigned to the defendant. {;}

(h)  Abstain from consuming, possessing or having under his control any alcohol. {;}

(i)  Not have contact or communicate with a victim of the sexual offense or a witness who testified against the defendant or solicit another person to engage in such contact or communication on behalf of the defendant, unless approved by the parole and probation officer assigned to the defendant, and a written agreement is entered into and signed in the manner set forth in subsection {2.} *5.*

(j)  Not use aliases or fictitious names. {;}

(k)  Not obtain a post office box unless the defendant receives permission from the parole and probation officer assigned to the defendant. {;}

(l)  Not have contact with a person less than 18 years of age in a secluded environment unless another adult who has never been convicted of a sexual offense is present and permission has been obtained from the parole and probation officer assigned to the defendant in advance of each such contact. {;}

(m)  Unless approved by the parole and probation officer assigned to the defendant and by a psychiatrist, psychologist or counselor treating the defendant, if any, not {be in or near:}



——— (1) A] *knowingly be within 500 feet of any place, or if the place is a structure, within 500 feet of the actual structure, that is designed primarily for use by or for children, including, without limitation, a public or private school, a school bus stop, a center or facility that provides day care services, a video arcade, an amusement park, a* playground, *a* park, [school or school grounds;

——— (2) A] *an athletic field or a facility for youth sports, or a* motion picture theater. [; or

——— (3) A business that primarily has children as customers or conducts events that primarily children attend;] *The provisions of this paragraph apply only to a defendant who is a Tier 3 offender.*

(n) Comply with any protocol concerning the use of prescription medication prescribed by a treating physician, including, without limitation, any protocol concerning the use of psychotropic medication . [;]

(o) Not possess any sexually explicit material that is deemed inappropriate by the parole and probation officer assigned to the defendant . [;]

(p) Not patronize a business which offers a sexually related form of entertainment and which is deemed inappropriate by the parole and probation officer assigned to the defendant . [;]

(q) Not possess any electronic device capable of accessing the Internet and not access the Internet through any such device or any other means, unless possession of such a device or such access is approved by the parole and probation officer assigned to the defendant . [; and]

(r) Inform the parole and probation officer assigned to the defendant if the defendant expects to be or becomes enrolled as a student at an institution of higher education or changes the date of commencement or termination of his enrollment at an institution of higher education. As used in this paragraph, "institution of higher education" has the meaning ascribed to it in NRS 179D.045.

2.  *Except as otherwise provided in subsection 6, if a defendant is convicted of an offense listed in subsection 6 of NRS 213.1255 against a child under the age of 14 years, the defendant is a Tier 3 offender and the court grants probation or suspends the sentence of the defendant, the court shall, in addition to any other condition ordered pursuant to subsection 1, order as a condition of probation or suspension of sentence that the defendant:*

*(a)  Reside at a location only if the residence is not located within 1,000 feet of any place, or if the place is a structure, within 1,000 feet of the actual structure, that is designed primarily for use by or for children, including, without limitation, a public or*



– 6 –

*private school, a school bus stop, a center or facility that provides day care services, a video arcade, an amusement park, a playground, a park, an athletic field or a facility for youth sports, or a motion picture theater.*

*(b) As deemed appropriate by the Chief Parole and Probation Officer, be placed under a system of active electronic monitoring that is capable of identifying his location and producing, upon request, reports or records of his presence near or within a crime scene or prohibited area or his departure from a specified geographic location.*

*(c) Pay any costs associated with his participation under the system of active electronic monitoring, to the extent of his ability to pay.*

*3.   A defendant placed under the system of active electronic monitoring pursuant to subsection 2 shall:*

*(a) Follow the instructions provided by the Division to maintain the electronic monitoring device in working order.*

*(b) Report any incidental damage or defacement of the electronic monitoring device to the Division within 2 hours after the occurrence of the damage or defacement.*

*(c) Abide by any other conditions set forth by the Division with regard to his participation under the system of active electronic monitoring.*

*4.   Except as otherwise provided in this subsection, a person who intentionally removes or disables or attempts to remove or disable an electronic monitoring device placed on a defendant pursuant to this section is guilty of a gross misdemeanor. The provisions of this subsection do not prohibit a person authorized by the Division from performing maintenance or repairs to an electronic monitoring device.*

5.   A written agreement entered into pursuant to paragraph (i) of subsection 1 must state that the contact or communication is in the best interest of the victim or witness, and specify the type of contact or communication authorized. The written agreement must be signed and agreed to by:

(a) The victim or the witness;

(b) The defendant;

(c) The parole and probation officer assigned to the defendant;

(d) The psychiatrist, psychologist or counselor treating the defendant, victim or witness, if any; and

(e) If the victim or witness is a child under 18 years of age, each parent, guardian or custodian of the child.



– 7 –

[3.] *6.* The court is not required to impose a condition of probation or suspension of sentence listed in [subsection] *subsections* 1 *and 2* if the court finds that extraordinary circumstances are present and the court enters those extraordinary circumstances in the record.

[4.] *7.* As used in this section, "sexual offense" has the meaning ascribed to it in NRS 179D.410.

**Sec. 3.** NRS 179D.230 is hereby amended to read as follows:

179D.230  1.  If the Central Repository receives notice from a court pursuant to NRS 176.0926 that an offender has been convicted of a crime against a child, the Central Repository shall:

(a) If a record of registration has not previously been established for the offender, notify the local law enforcement agency so that a record of registration may be established; or

(b) If a record of registration has previously been established for the offender, update the record of registration for the offender and notify the appropriate local law enforcement agencies.

2.  If the offender named in the notice is granted probation or otherwise will not be incarcerated or confined, the Central Repository shall immediately provide notification concerning the offender to the appropriate local law enforcement agencies and, if the offender resides in a jurisdiction which is outside of this State, to the appropriate law enforcement agency in that jurisdiction.

3.  If an offender is incarcerated or confined and has previously been convicted of a crime against a child, before the offender is released:

(a) The Department of Corrections or a local law enforcement agency in whose facility the offender is incarcerated or confined shall:

(1) Inform the offender of the requirements for registration, including, but not limited to:

(I) The duty to register in this State during any period in which he is a resident of this State or a nonresident who is a student or worker within this State and the time within which he is required to register pursuant to NRS 179D.240;

(II) The duty to register in any other jurisdiction during any period in which he is a resident of the other jurisdiction or a nonresident who is a student or worker within the other jurisdiction;

(III) If he moves from this State to another jurisdiction, the duty to register with the appropriate law enforcement agency in the other jurisdiction;

(IV) The duty to notify the local law enforcement agency for the jurisdiction in which he now resides, in person, and the



– 8 –

jurisdiction in which he most recently resided, in person or in writing, if he changes the address at which he resides, including if he moves from this State to another jurisdiction, or changes the primary address at which he is a student or worker; and

(V) The duty to notify immediately the appropriate local law enforcement agency if the offender is, expects to be or becomes enrolled as a student at an institution of higher education or changes the date of commencement or termination of his enrollment at an institution of higher education or if the offender is, expects to be or becomes a worker at an institution of higher education or changes the date of commencement or termination of his work at an institution of higher education; and

(2) Require the offender to read and sign a form confirming that the requirements for registration have been explained to him and to forward the form to the Central Repository.

(b) The Central Repository shall:

(1) Update the record of registration for the offender; and

(2) Provide notification concerning the offender to the appropriate local law enforcement agencies and, if the offender will reside upon release in a jurisdiction which is outside of this State, to the appropriate law enforcement agency in that jurisdiction.

4. *If an offender convicted of a crime against a child is incarcerated or confined, before the offender is released, the offender shall register, pursuant to 179D.240, with the appropriate sheriff's office, metropolitan police department or city police department in whose jurisdiction the offender will be a resident offender.*

5. The failure to provide an offender with the information or confirmation form required by paragraph (a) of subsection 3 does not affect the duty of the offender to register and to comply with all other provisions for registration.

[5.] 6. If the Central Repository receives notice from another jurisdiction or the Federal Bureau of Investigation that an offender convicted of a crime against a child is now residing or is a student or worker within this State, the Central Repository shall:

(a) Immediately provide notification concerning the offender to the appropriate local law enforcement agencies; and

(b) Establish a record of registration for the offender with the assistance of the local law enforcement agency.

**Sec. 4.**   NRS 179D.240 is hereby amended to read as follows:

179D.240   1.   In addition to any other registration that is required pursuant to NRS 179D.230, each offender who, after July 1, 1956, is or has been convicted of a crime against a child shall



– 9 –

register with a local law enforcement agency pursuant to the provisions of this section.

2.    Except as otherwise provided in subsection 3, if the offender resides or is present for 48 hours or more within:

(a) A county; or

(b) An incorporated city that does not have a city police department,

↪ the offender shall be deemed a resident offender and shall register with the sheriff's office of the county or, if the county or the city is within the jurisdiction of a metropolitan police department, the metropolitan police department, not later than 48 hours after arriving or establishing a residence within the county or the city.

3.    If the offender resides or is present for 48 hours or more within an incorporated city that has a city police department, the offender shall be deemed a resident offender and shall register with the city police department not later than 48 hours after arriving or establishing a residence within the city.

4.    If the offender is a nonresident offender who is a student or worker within this State, the offender shall register with the appropriate sheriff's office, metropolitan police department or city police department in whose jurisdiction he is a student or worker not later than 48 hours after becoming a student or worker within this State.

5.    A resident or nonresident offender shall immediately notify the appropriate local law enforcement agency if:

(a) The offender is, expects to be or becomes enrolled as a student at an institution of higher education or changes the date of commencement or termination of his enrollment at an institution of higher education; or

(b) The offender is, expects to be or becomes a worker at an institution of higher education or changes the date of commencement or termination of his work at an institution of higher education.

↪ The offender shall provide the name, address and type of each such institution of higher education.

6.    To register with a local law enforcement agency pursuant to this section, the offender shall:

(a) [Appear] *Unless the offender is incarcerated or confined and required to register pursuant to subsection 4 of NRS 179D.230, appear* personally at the office of the appropriate local law enforcement agency;



– 10 –

(b) Provide all information that is requested by the local law enforcement agency, including, but not limited to, fingerprints and a photograph; [and]

(c) *If the offender has not provided a biological specimen pursuant to NRS 176.0913 or 176.0916, provide a biological specimen to the local law enforcement agency; and*

(d) Sign and date the record of registration or some other proof of registration in the presence of an officer of the local law enforcement agency [.] *or in the presence of an officer of the institution or facility in which the offender is incarcerated or confined.*

7. *If an offender convicted of a crime against a child must provide a biological specimen pursuant to paragraph (c) of subsection 6, the local law enforcement agency shall arrange for the biological specimen to be obtained from the offender. The local law enforcement agency shall provide the specimen to the forensic laboratory that has been designated by the county in which the offender resides or is present to conduct or oversee genetic marker testing for the county pursuant to NRS 176.0917.*

8. When an offender registers, the local law enforcement agency shall:

(a) Inform the offender of the duty to notify the local law enforcement agency if the offender changes the address at which he resides or changes the primary address at which he is a student or worker; and

(b) Inform the offender of the duty to register with the local law enforcement agency in whose jurisdiction the offender relocates.

[8.] *9.* After the offender registers with the local law enforcement agency, the local law enforcement agency shall forward to the Central Repository the information collected, including the fingerprints and a photograph of the offender.

[9.] *10.* If the Central Repository has not previously established a record of registration for an offender described in subsection [8.] *9,* the Central Repository shall:

(a) Establish a record of registration for the offender; and

(b) Provide notification concerning the offender to the appropriate local law enforcement agencies.

[10.] *11.* When an offender notifies a local law enforcement agency that:

(a) The offender is, expects to be or becomes enrolled as a student at an institution of higher education or changes the date of commencement or termination of his enrollment at an institution of higher education; or



– 11 –

(b) The offender is, expects to be or becomes a worker at an institution of higher education or changes the date of commencement or termination of his work at an institution of higher education,

↪ and provides the name, address and type of each such institution of higher education, the local law enforcement agency shall immediately provide that information to the Central Repository and to the appropriate campus police department.

Sec. 5.   NRS 179D.450 is hereby amended to read as follows:

179D.450   1.   If the Central Repository receives notice from a court pursuant to NRS 176.0927 that a sex offender has been convicted of a sexual offense or pursuant to NRS 62F.250 that a juvenile sex offender has been deemed to be an adult sex offender, the Central Repository shall:

(a) If a record of registration has not previously been established for the sex offender, notify the local law enforcement agency so that a record of registration may be established; or

(b) If a record of registration has previously been established for the sex offender, update the record of registration for the sex offender and notify the appropriate local law enforcement agencies.

2.   If the sex offender named in the notice is granted probation or otherwise will not be incarcerated or confined or if the sex offender named in the notice has been deemed to be an adult sex offender pursuant to NRS 62F.250 and is not otherwise incarcerated or confined:

(a) The Central Repository shall immediately provide notification concerning the sex offender to the appropriate local law enforcement agencies and, if the sex offender resides in a jurisdiction which is outside of this State, to the appropriate law enforcement agency in that jurisdiction; and

(b) If the sex offender is subject to community notification, the Central Repository shall arrange for the assessment of the risk of recidivism of the sex offender pursuant to the guidelines and procedures for community notification established by the Attorney General pursuant to NRS 179D.600 to 179D.800, inclusive.

3.   If a sex offender is incarcerated or confined and has previously been convicted of a sexual offense as described in NRS 179D.410, before the sex offender is released:

(a) The Department of Corrections or a local law enforcement agency in whose facility the sex offender is incarcerated or confined shall:

(1) Inform the sex offender of the requirements for registration, including, but not limited to:



– 12 –

(I) The duty to register in this State during any period in which he is a resident of this State or a nonresident who is a student or worker within this State and the time within which he is required to register pursuant to NRS 179D.460;

(II) The duty to register in any other jurisdiction during any period in which he is a resident of the other jurisdiction or a nonresident who is a student or worker within the other jurisdiction;

(III) If he moves from this State to another jurisdiction, the duty to register with the appropriate law enforcement agency in the other jurisdiction;

(IV) The duty to notify the local law enforcement agency for the jurisdiction in which he now resides, in person, and the jurisdiction in which he formerly resided, in person or in writing, if he changes the address at which he resides, including if he moves from this State to another jurisdiction, or changes the primary address at which he is a student or worker; and

(V) The duty to notify immediately the appropriate local law enforcement agency if the sex offender is, expects to be or becomes enrolled as a student at an institution of higher education or changes the date of commencement or termination of his enrollment at an institution of higher education or if the sex offender is, expects to be or becomes a worker at an institution of higher education or changes the date of commencement or termination of his work at an institution of higher education; and

(2) Require the sex offender to read and sign a form confirming that the requirements for registration have been explained to him and to forward the form to the Central Repository.

(b) The Central Repository shall:

(1) Update the record of registration for the sex offender;

(2) If the sex offender is subject to community notification, arrange for the assessment of the risk of recidivism of the sex offender pursuant to the guidelines and procedures for community notification established by the Attorney General pursuant to NRS 179D.600 to 179D.800, inclusive; and

(3) Provide notification concerning the sex offender to the appropriate local law enforcement agencies and, if the sex offender will reside upon release in a jurisdiction which is outside of this State, to the appropriate law enforcement agency in that jurisdiction.

4.  *If a sex offender is incarcerated or confined, before the sex offender is released, the sex offender shall register, pursuant to NRS 179D.460, with the appropriate sheriff's office, metropolitan police department or city police department in whose jurisdiction the sex offender will be a resident sex offender.*



– 13 –

5. The failure to provide a sex offender with the information or confirmation form required by paragraph (a) of subsection 3 does not affect the duty of the sex offender to register and to comply with all other provisions for registration.

[5.] 6. If the Central Repository receives notice from another jurisdiction or the Federal Bureau of Investigation that a sex offender is now residing or is a student or worker within this State, the Central Repository shall:

(a) Immediately provide notification concerning the sex offender to the appropriate local law enforcement agencies;

(b) Establish a record of registration for the sex offender; and

(c) If the sex offender is subject to community notification, arrange for the assessment of the risk of recidivism of the sex offender pursuant to the guidelines and procedures for community notification established by the Attorney General pursuant to NRS 179D.600 to 179D.800, inclusive.

**Sec. 6.** NRS 179D.460 is hereby amended to read as follows:

179D.460 1. In addition to any other registration that is required pursuant to NRS 179D.450, each sex offender who, after July 1, 1956, is or has been convicted of a sexual offense shall register with a local law enforcement agency pursuant to the provisions of this section.

2. Except as otherwise provided in subsection 3, if the sex offender resides or is present for 48 hours or more within:

(a) A county; or

(b) An incorporated city that does not have a city police department,

→ the sex offender shall be deemed a resident sex offender and shall register with the sheriff's office of the county or, if the county or the city is within the jurisdiction of a metropolitan police department, the metropolitan police department, not later than 48 hours after arriving or establishing a residence within the county or the city.

3. If the sex offender resides or is present for 48 hours or more within an incorporated city that has a city police department, the sex offender shall be deemed a resident sex offender and shall register with the city police department not later than 48 hours after arriving or establishing a residence within the city.

4. If the sex offender is a nonresident sex offender who is a student or worker within this State, the sex offender shall register with the appropriate sheriff's office, metropolitan police department or city police department in whose jurisdiction he is a student or worker not later than 48 hours after becoming a student or worker within this State.



– 14 –

5.   A resident or nonresident sex offender shall immediately notify the appropriate local law enforcement agency if:

(a) The sex offender is, expects to be or becomes enrolled as a student at an institution of higher education or changes the date of commencement or termination of his enrollment at an institution of higher education; or

(b) The sex offender is, expects to be or becomes a worker at an institution of higher education or changes the date of commencement or termination of his work at an institution of higher education.

→ The sex offender shall provide the name, address and type of each such institution of higher education.

6.   To register with a local law enforcement agency pursuant to this section, the sex offender shall:

(a) [Appear] *Unless the sex offender is incarcerated or confined and required to register pursuant to subsection 4 of NRS 179D.450, appear* personally at the office of the appropriate local law enforcement agency;

(b) Provide all information that is requested by the local law enforcement agency, including, but not limited to, fingerprints and a photograph; [and]

(c) *If the sex offender has not provided a biological specimen pursuant to NRS 176.0913 or 176.0916, provide a biological specimen to the local law enforcement agency; and*

(d) Sign and date the record of registration or some other proof of registration of the local law enforcement agency in the presence of an officer of the local law enforcement agency [.] *or in the presence of an officer of the institution or facility in which the sex offender is incarcerated or confined.*

7.   *If a sex offender must provide a biological specimen pursuant to paragraph (c) of subsection 6, the local law enforcement agency shall arrange for the biological specimen to be obtained from the sex offender. The local law enforcement agency shall provide the specimen to the forensic laboratory that has been designated by the county in which the sex offender resides or is present to conduct or oversee genetic marker testing for the county pursuant to NRS 176.0917.*

8.   When a sex offender registers, the local law enforcement agency shall:

(a) Inform the sex offender of the duty to notify the local law enforcement agency if the sex offender changes the address at which he resides, including if he moves from this State to another



– 15 –

jurisdiction, or changes the primary address at which he is a student or worker; and

(b) Inform the sex offender of the duty to register with the local law enforcement agency in whose jurisdiction the sex offender relocates.

[8.] *9.* After the sex offender registers with the local law enforcement agency, the local law enforcement agency shall forward to the Central Repository the information collected, including the fingerprints and a photograph of the sex offender.

[9.] *10.* If the Central Repository has not previously established a record of registration for a sex offender described in subsection [8,] *9,* the Central Repository shall:

(a) Establish a record of registration for the sex offender;

(b) Provide notification concerning the sex offender to the appropriate local law enforcement agencies; and

(c) If the sex offender is subject to community notification and has not otherwise been assigned a level of notification, arrange for the assessment of the risk of recidivism of the sex offender pursuant to the guidelines and procedures for community notification established by the Attorney General pursuant to NRS 179D.600 to 179D.800, inclusive.

[10.] *11.* When a sex offender notifies a local law enforcement agency that:

(a) The sex offender is, expects to be or becomes enrolled as a student at an institution of higher education or changes the date of commencement or termination of his enrollment at an institution of higher education; or

(b) The sex offender is, expects to be or becomes a worker at an institution of higher education or changes the date of commencement or termination of his work at an institution of higher education,
↪ and provides the name, address and type of each such institution of higher education, the local law enforcement agency shall immediately provide that information to the Central Repository and to the appropriate campus police department.

Sec. 7.  NRS 200.366 is hereby amended to read as follows:

200.366  1.  A person who subjects another person to sexual penetration, or who forces another person to make a sexual penetration on himself or another, or on a beast, against the will of the victim or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his conduct, is guilty of sexual assault.



– 16 –

2.   Except as otherwise provided in subsections 3 and 4, a person who commits a sexual assault is guilty of a category A felony and shall be punished:

(a) If substantial bodily harm to the victim results from the actions of the defendant committed in connection with or as a part of the sexual assault, by imprisonment in the state prison:

(1)  For life without the possibility of parole; or

(2)  For life with the possibility of parole, with eligibility for parole beginning when a minimum of 15 years has been served.

(b) If no substantial bodily harm to the victim results, by imprisonment in the state prison for life with the possibility of parole, with eligibility for parole beginning when a minimum of 10 years has been served.

3.   Except as otherwise provided in subsection 4, a person who commits a sexual assault against a child under the age of 16 years is guilty of a category A felony and shall be punished:

(a) If the crime results in substantial bodily harm to the child, by imprisonment in the state prison for life without the possibility of parole.

(b) Except as otherwise provided in paragraph (c), if the crime does not result in substantial bodily harm to the child, by imprisonment in the state prison for life with the possibility of parole, with eligibility for parole beginning when a minimum of [20] *25* years has been served.

(c) If the crime is committed against a child under the age of 14 years and does not result in substantial bodily harm to the child, by imprisonment in the state prison for life with the possibility of parole, with eligibility for parole beginning when a minimum of [20] *35* years has been served.

4.   A person who commits a sexual assault against a child under the age of 16 years and who has been previously convicted of:

(a) A sexual assault pursuant to this section or any other sexual offense against a child; or

(b) An offense committed in another jurisdiction that, if committed in this State, would constitute a sexual assault pursuant to this section or any other sexual offense against a child,

↳ is guilty of a category A felony and shall be punished by imprisonment in the state prison for life without the possibility of parole.

5.   For the purpose of this section, "other sexual offense against a child" means any act committed by an adult upon a child constituting:

(a) Incest pursuant to NRS 201.180;



— 17 —

(b) Lewdness with a child pursuant to NRS 201.230;

(c) Sado-masochistic abuse pursuant to NRS 201.262; or

(d) Luring a child using a computer, system or network pursuant to NRS 201.560, if punished as a felony.

**Sec. 8.**   NRS 213.1243 is hereby amended to read as follows:

213.1243   1.   The Board shall establish by regulation a program of lifetime supervision of sex offenders to commence after any period of probation or any term of imprisonment and any period of release on parole. The program must provide for the lifetime supervision of sex offenders by parole and probation officers.

2.   Lifetime supervision shall be deemed a form of parole for:

(a) The limited purposes of the applicability of the provisions of NRS 213.1076, subsection 9 of NRS 213.1095, NRS 213.1096 and subsection 2 of NRS 213.110; and

(b) The purposes of the Interstate Compact for Adult Offender Supervision ratified, enacted and entered into by the State of Nevada pursuant to NRS 213.215.

3.   *Except as otherwise provided in subsection 8, the Board shall require as a condition of lifetime supervision that the sex offender, unless approved by the parole and probation officer assigned to the sex offender and by a psychiatrist, psychologist or counselor treating the sex offender, if any, not knowingly be within 500 feet of any place, or if the place is a structure, within 500 feet of the actual structure, that is designed primarily for use by or for children, including, without limitation, a public or private school, a school bus stop, a center or facility that provides day care services, a video arcade, an amusement park, a playground, a park, an athletic field or a facility for youth sports, or a motion picture theater. The provisions of this subsection apply only to a sex offender who is a Tier 3 offender.*

4.   *Except as otherwise provided in subsection 8, if a sex offender is convicted of a sexual offense listed in subsection 6 of NRS 213.1255 against a child under the age of 14 years, the sex offender is a Tier 3 offender and the sex offender is sentenced to lifetime supervision, the Board shall require as a condition of lifetime supervision that the sex offender:*

(a) *Reside at a location only if the residence is not located within 1,000 feet of any place, or if the place is a structure, within 1,000 feet of the actual structure, that is designed primarily for use by or for children, including, without limitation, a public or private school, a school bus stop, a center or facility that provides day care services, a video arcade, an amusement park, a*



– 18 –

*playground, a park, an athletic field or a facility for youth sports, or a motion picture theater.*

*(b) As deemed appropriate by the Chief, be placed under a system of active electronic monitoring that is capable of identifying his location and producing, upon request, reports or records of his presence near or within a crime scene or prohibited area or his departure from a specified geographic location.*

*(c) Pay any costs associated with his participation under the system of active electronic monitoring, to the extent of his ability to pay.*

*5.   A [person] sex offender placed under the system of active electronic monitoring pursuant to subsection 3 shall:*

*(a) Follow the instructions provided by the Division to maintain the electronic monitoring device in working order.*

*(b) Report any incidental damage or defacement of the electronic monitoring device to the Division within 2 hours after the occurrence of the damage or defacement.*

*(c) Abide by any other conditions set forth by the Division with regard to his participation under the system of active electronic monitoring.*

*6.   Except as otherwise provided in this subsection, a person who intentionally removes or disables or attempts to remove or disable an electronic monitoring device placed on a sex offender pursuant to this section is guilty of a gross misdemeanor. The provisions of this subsection do not prohibit a person authorized by the Division from performing maintenance or repairs to an electronic monitoring device.*

*7.   Except as otherwise provided in subsection 6, a sex offender* who commits a violation of a condition imposed on him pursuant to the program of lifetime supervision is guilty of [:

 (a) If the violation constitutes a minor violation, a misdemeanor.

 (b) If the violation constitutes a major violation,] a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 6 years, and may be further punished by a fine of not more than $5,000.

[4.] *8.   The Board is not required to impose a condition pursuant to the program of lifetime supervision listed in subsections 3 and 4 if the Board finds that extraordinary circumstances are present and the Board states those extraordinary circumstances in writing.*

*9.   If a court issues a warrant for arrest for a violation of this section, the court shall cause to be transmitted, in the manner*



*prescribed by the Central Repository for Nevada Records of Criminal History, notice of the issuance of the warrant for arrest in a manner which ensures that such notice is received by the Central Repository within 3 business days.*

    10.  For the purposes of prosecution of a violation by a [person] *sex offender* of a condition imposed upon him pursuant to the program of lifetime supervision, the violation shall be deemed to have occurred in, and may only be prosecuted in, the county in which the court that imposed the sentence of lifetime supervision pursuant to NRS 176.0931 is located, regardless of whether the acts or conduct constituting the violation took place, in whole or in part, within or outside that county or within or outside this State.

    [5.  As used in this section:

    (a)  "Major violation" means a violation which poses a threat to the safety or well-being of others and which involves:

    (1)  The commission of any crime that is punishable as a gross misdemeanor or felony or any crime that involves a victim who is less than 18 years of age;

    (2)  The use of a deadly weapon, explosives or a firearm;

    (3)  The use or threatened use of force or violence against a person;

    (4)  Death or bodily injury of a person;

    (5)  An act of domestic violence;

    (6)  Harassment, stalking or threats of any kind; or

    (7)  The forcible or unlawful entry of a home, building, structure or vehicle in which a person is present.

    (b)  "Minor violation" means a violation that does not constitute a major violation.]

    **Sec. 9.**  NRS 213.1245 is hereby amended to read as follows:

    213.1245  1.  Except as otherwise provided in subsection 3, if the Board releases on parole a prisoner convicted of an offense listed in NRS 179D.620, the Board shall, in addition to any other condition of parole, require as a condition of parole that the parolee:

    (a)  Reside at a location only if [it] *:*

    *(1) The residence* has been approved by the parole and probation officer assigned to the parolee *.* [and keep]

    *(2) The parolee keeps* the parole and probation officer informed of his current address *.* [;]

    (b)  Accept a position of employment or a position as a volunteer only if it has been approved by the parole and probation officer assigned to the parolee and keep the parole and probation officer informed of the location of his position of employment or position as a volunteer *.* [;]



– 20 –

(c) Abide by any curfew imposed by the parole and probation officer assigned to the parolee . {;}

(d) Participate in and complete a program of professional counseling approved by the Division . {;}

(e) Submit to periodic tests, as requested by the parole and probation officer assigned to the parolee, to determine whether the parolee is using a controlled substance . {;}

(f) Submit to periodic polygraph examinations, as requested by the parole and probation officer assigned to the parolee . {;}

(g) Abstain from consuming, possessing or having under his control any alcohol . {;}

(h) Not have contact or communicate with a victim of the offense or a witness who testified against the parolee or solicit another person to engage in such contact or communication on behalf of the parolee, unless approved by the parole and probation officer assigned to the parolee, and a written agreement is entered into and signed in the manner set forth in subsection 2 . {;}

(i) Not use aliases or fictitious names . {;}

(j) Not obtain a post office box unless the parolee receives permission from the parole and probation officer assigned to the parolee . {;}

(k) Not have contact with a person less than 18 years of age in a secluded environment unless another adult who has never been convicted of an offense listed in NRS 179D.410 is present and permission has been obtained from the parole and probation officer assigned to the parolee in advance of each such contact . {;}

(l) Unless approved by the parole and probation officer assigned to the parolee and by a psychiatrist, psychologist or counselor treating the parolee, if any, not {be in or near:

――― (1) A} *knowingly be within 500 feet of any place, or if the place is a structure, within 500 feet of the actual structure, that is designed primarily for use by or for children, including, without limitation, a public or private school, a school bus stop, a center or facility that provides day care services, a video arcade, an amusement park, a* playground, *a* park, {school or school grounds;

――― (2) A}* an athletic field or a facility for youth sports, or a* motion picture theater . {; or

――― (3) A business that primarily has children as customers or conducts events that primarily children attend;} *The provisions of this paragraph apply only to a parolee who is a Tier 3 offender.*

(m) Comply with any protocol concerning the use of prescription medication prescribed by a treating physician,



-- 21 --

including, without limitation, any protocol concerning the use of psychotropic medication. [;]

(n) Not possess any sexually explicit material that is deemed inappropriate by the parole and probation officer assigned to the parolee. [;]

(o) Not patronize a business which offers a sexually related form of entertainment and which is deemed inappropriate by the parole and probation officer assigned to the parolee. [;]

(p) Not possess any electronic device capable of accessing the Internet and not access the Internet through any such device or any other means, unless possession of such a device or such access is approved by the parole and probation officer assigned to the parolee. [; and]

(q) Inform the parole and probation officer assigned to the parolee if the parolee expects to be or becomes enrolled as a student at an institution of higher education or changes the date of commencement or termination of his enrollment at an institution of higher education. As used in this paragraph, "institution of higher education" has the meaning ascribed to it in NRS 179D.045.

2.   A written agreement entered into pursuant to paragraph (h) of subsection 1 must state that the contact or communication is in the best interest of the victim or witness, and specify the type of contact or communication authorized. The written agreement must be signed and agreed to by:

(a) The victim or the witness;

(b) The parolee;

(c) The parole and probation officer assigned to the parolee;

(d) The psychiatrist, psychologist or counselor treating the parolee, victim or witness, if any; and

(e) If the victim or witness is a child under 18 years of age, each parent, guardian or custodian of the child.

3.   The Board is not required to impose a condition of parole listed in subsection 1 if the Board finds that extraordinary circumstances are present and the Board states those extraordinary circumstances in writing.

Sec. 10.   NRS 213.1255 is hereby amended to read as follows:

213.1255   1.   *Except as otherwise provided in subsection 4, in addition to any conditions of parole required to be imposed pursuant to NRS 213.1245, as a condition of releasing on parole a prisoner who was convicted of committing an offense listed in subsection 6 against a child under the age of 14 years and who is a Tier 3 offender, the Board shall require that the parolee:*



– 22 –

*(a) Reside at a location only if the residence is not located within 1,000 feet of any place, or if the place is a structure, within 1,000 feet of the actual structure, that is designed primarily for use by or for children, including, without limitation, a public or private school, a school bus stop, a center or facility that provides day care services, a video arcade, an amusement park, a playground, a park, an athletic field or a facility for youth sports, or a motion picture theater.*

*(b) As deemed appropriate by the Chief, be placed under a system of active electronic monitoring that is capable of identifying his location and producing, upon request, reports or records of his presence near or within a crime scene or prohibited area or his departure from a specified geographic location.*

*(c) Pay any costs associated with his participation under the system of active electronic monitoring, to the extent of his ability to pay.*

*2. A parolee placed under the system of active electronic monitoring pursuant to subsection 1 shall:*

*(a) Follow the instructions provided by the Division to maintain the electronic monitoring device in working order.*

*(b) Report any incidental damage or defacement of the electronic monitoring device to the Division within 2 hours after the occurrence of the damage or defacement.*

*(c) Abide by any other conditions set forth by the Division with regard to his participation under the system of active electronic monitoring.*

*3. Except as otherwise provided in this subsection, a person who intentionally removes or disables or attempts to remove or disable an electronic monitoring device placed on a parolee pursuant to this section is guilty of a gross misdemeanor. The provisions of this subsection do not prohibit a person authorized by the Division from performing maintenance or repairs to an electronic monitoring device.*

*4. The Board is not required to impose a condition of parole listed in subsection 1 if the Board finds that extraordinary circumstances are present and the Board states those extraordinary circumstances in writing.*

*5.* In addition to any conditions of parole required to be imposed pursuant to *subsection 1 and* NRS 213.1245, as a condition of releasing on parole a prisoner who was convicted of committing an offense listed in subsection [2] *6* against a child under the age of 14 years, the Board shall, when appropriate:



– 23 –

(a) Require the parolee to participate in psychological counseling. [;]

(b) Prohibit the parolee from being alone with a child unless another adult who has never been convicted of a sexual offense is present. [; and

(c) Prohibit the parolee from being on or near the grounds of any place that is primarily designed for use by or for children, including, without limitation, a public or private school, a center or facility that provides day-care services, a video arcade and an amusement park.]

[2.] *6.* The provisions of [subsection] *subsections* 1 *and* 5 apply to a prisoner who was convicted of:

(a) Sexual assault pursuant to paragraph (c) of subsection 3 of NRS 200.366;

(b) Abuse or neglect of a child pursuant to subparagraph (1) of paragraph (a) of subsection 1 or subparagraph (1) of paragraph (a) of subsection 2 of NRS 200.508;

(c) An offense punishable pursuant to subsection 2 of NRS 200.750;

(d) Solicitation of a minor to engage in acts constituting the infamous crime against nature pursuant to subparagraph (1) of paragraph (a) of subsection 1 of NRS 201.195;

(e) Lewdness with a child pursuant to NRS 201.230;

(f) Luring a child or mentally ill person pursuant to NRS 201.560, if punished as a felony; or

(g) Any combination of the crimes listed in paragraphs (a) to (f), inclusive.

**Sec. 10.5.** NRS 213.130 is hereby amended to read as follows:

213.130  1.  The Department of Corrections shall:

(a) Determine when a prisoner sentenced to imprisonment in the state prison is eligible to be considered for parole;

(b) Notify the State Board of Parole Commissioners of the eligibility of the prisoner to be considered for parole; and

(c) Before a meeting to consider the prisoner for parole, compile and provide to the Board data that will assist the Board in determining whether parole should be granted.

2.  If a prisoner is being considered for parole from a sentence imposed for conviction of a crime which involved the use of force or violence against a victim and which resulted in bodily harm to a victim and if original or duplicate photographs that depict the injuries of the victim or the scene of the crime were admitted at the trial of the prisoner or were part of the report of the presentence investigation and are reasonably available, a representative sample of such photographs must be included with the information



– 24 –

submitted to the Board at the meeting. A prisoner may not bring a cause of action against the State of Nevada, its political subdivisions, agencies, boards, commissions, departments, officers or employees for any action that is taken pursuant to this subsection or for failing to take any action pursuant to this subsection, including, without limitation, failing to include photographs or including only certain photographs. As used in this subsection, "photograph" includes any video, digital or other photographic image.

3.    Meetings to consider prisoners for parole may be held semiannually or more often, on such dates as may be fixed by the Board. All meetings *are quasi-judicial and* must be open to the public. *No rights other than those conferred pursuant to this section or pursuant to specific statute concerning meetings to consider prisoners for parole are available to any person with respect to such meetings.*

4.    Not later than 5 days after the date on which the Board fixes the date of the meeting to consider a prisoner for parole, the Board shall notify the victim of the prisoner who is being considered for parole of the date of the meeting and of his rights pursuant to this subsection, if the victim has requested notification in writing and has provided his current address or if the victim's current address is otherwise known by the Board. The victim of a prisoner being considered for parole may submit documents to the Board and may testify at the meeting held to consider the prisoner for parole. A prisoner must not be considered for parole until the Board has notified any victim of his rights pursuant to this subsection and he is given the opportunity to exercise those rights. If a current address is not provided to or otherwise known by the Board, the Board must not be held responsible if such notification is not received by the victim.

5.    The Board may deliberate in private after a public meeting held to consider a prisoner for parole.

6.    The Board of State Prison Commissioners shall provide suitable and convenient rooms or space for use of the Board.

7.    If a victim is notified of a meeting to consider a prisoner for parole pursuant to subsection 4, the Board shall, upon making a final decision concerning the parole of the prisoner, notify the victim of its final decision.

8.    All personal information, including, but not limited to, a current or former address, which pertains to a victim and which is received by the Board pursuant to this section is confidential.



– 25 –

9.    *The Board must not deny parole to a prisoner unless the prisoner has been given reasonable notice of the meeting and the opportunity to be present at the meeting. If the Board fails to provide notice of the meeting to the prisoner or to provide the prisoner with an opportunity to be present and determines that it may deny parole, the Board may reschedule the meeting.*

10.    *During a meeting to consider a prisoner for parole, the Board shall allow the prisoner:*

*(a)  At his own expense, to have a representative present with whom he may confer; and*

*(b)  To speak on his own behalf or to have his representative speak on his behalf.*

11.    *Upon making a final decision concerning the parole of the prisoner, the Board shall provide written notice to the prisoner of its decision not later than 10 working days after the meeting and, if parole is denied, specific recommendations of the Board to improve the possibility of granting parole the next time the prisoner is considered for parole, if any.*

12.    For the purposes of this section, "victim" has the meaning ascribed to it in NRS 213.005.

**Sec. 11.**    Section 26 of Assembly Bill No. 579 of this session is hereby amended to read as follows:

Sec. 26.    *When an offender convicted of a crime against a child or a sex offender registers with a local law enforcement agency as required pursuant to NRS 179D.460 or 179D.480 or section 27 of this act, or updates his registration as required pursuant to section 28 of this act:*

1.    *The offender or sex offender shall provide the local law enforcement agency with the following:*

*(a)  The name of the offender or sex offender and all aliases that he has used or under which he has been known;*

*(b)  The social security number of the offender or sex offender;*

*(c)  The address of any residence or location at which the offender or sex offender resides or will reside;*

*(d)  The name and address of any place where the offender or sex offender is a worker or will be a worker;*

*(e)  The name and address of any place where the offender or sex offender is a student or will be a student;*

*(f)  The license plate number and a description of all motor vehicles registered to or frequently driven by the offender or sex offender; and*

*(g)  Any other information required by federal law.*



– 26 –

2.   *If the offender or sex offender has not previously provided a biological specimen pursuant to NRS 176.0913 or 176.0916, the offender or sex offender shall provide a biological specimen to the local law enforcement agency. The local law enforcement agency shall provide the specimen to the forensic laboratory that has been designated by the county in which the offender or sex offender resides, is present or is a worker or student to conduct or oversee genetic marker testing for the county pursuant to NRS 176.0917.*

3.   *The local law enforcement agency shall ensure that the record of registration of the offender or sex offender includes, without limitation:*

(a)  *A complete physical description of the offender or sex offender, a current photograph of the offender or sex offender and the fingerprints and palm prints of the offender or sex offender;*

(b)  *The text of the provision of law defining each offense for which the offender or sex offender is required to register;*

(c)  *The criminal history of the offender or sex offender, including, without limitation:*

(1)  *The dates of all arrests and convictions of the offender or sex offender;*

(2)  *The status of parole, probation or supervised release of the offender or sex offender;*

(3)  *The status of the registration of the offender or sex offender; and*

(4)  *The existence of any outstanding arrest warrants for the offender or sex offender;*

(d)  *A report of the analysis of the genetic markers of the specimen obtained from the offender or sex offender;*

(e)  *The identification number from a driver's license or an identification card issued to the offender or sex offender by this State or any other jurisdiction and a photocopy of such driver's license or identification card; and*

(f)  *Any other information required by federal law.*

**Sec. 12.**   Section 27 of Assembly Bill No. 579 of this session is hereby amended to read as follows:

Sec. 27.   *1.   In addition to any other registration that is required pursuant to NRS 179D.010 to 179D.550, inclusive, and sections 16 to 30, inclusive, of this act, each offender or sex offender who, on or after October 1, 2007, is*



– 27 –

*or has been convicted of a crime against a child or a sexual offense shall register initially with the appropriate local law enforcement agency of the jurisdiction in which the offender or sex offender was convicted pursuant to the provisions of this section.*

*2. An offender or sex offender shall initially register with a local law enforcement agency as required pursuant to subsection 1:*

*(a) If the offender or sex offender is sentenced to a term of imprisonment for the crime, before being released from incarceration or confinement for the crime; and*

*(b) If the offender or sex offender is not sentenced to a term of imprisonment for the crime, not later than 3 business days after the date on which the offender or sex offender was sentenced for the crime.*

**Sec. 13.** 1. There is hereby appropriated from the State General Fund to the State Motor Pool for the Fiscal Year 2007-2008 the sum of $30,112 for the purchase of two motor pool vehicles to be used by the staff employed by the Division of Parole and Probation of the Department of Public Safety for the purpose of carrying out the provisions of this act.

2. Any remaining balance of the appropriation made by subsection 1 must not be committed for expenditure after June 30, 2008, by the entity to which the appropriation is made or any entity to which money from the appropriation is granted or otherwise transferred in any manner, and any portion of the appropriated money remaining must not be spent for any purpose after September 19, 2008, by either the entity to which the money was appropriated or the entity to which the money was subsequently granted or transferred, and must be reverted to the State General Fund on or before September 19, 2008.

**Sec. 14.** 1. There is hereby appropriated from the State General Fund to the Division of Parole and Probation of the Department of Public Safety for the purpose of carrying out the provisions of this act the sums of:

For the Fiscal Year 2007-2008...................................$587,115
For the Fiscal Year 2008-2009..................................$245,567

2. Any balance of the sums appropriated by subsection 1 remaining at the end of the respective fiscal years must not be committed for expenditure after June 30 of the respective fiscal years by the entity to which the appropriation is made or any entity to which money from the appropriation is granted or otherwise transferred in any manner, and any portion of the appropriated



– 28 –

money remaining must not be spent for any purpose after September 19, 2008, and September 18, 2009, respectively, by either the entity to which the money was appropriated or the entity to which the money was subsequently granted or transferred, and must be reverted to the State General Fund on or before September 19, 2008, and September 18, 2009, respectively.

Sec. 15.  The provisions of subsection 1 of NRS 354.599 do not apply to any additional expenses of a local government that are related to the provisions of sections 4, 6 and 11 of this act.

Sec. 16.  The amendatory provisions of:

1.  Section 2 of this act apply to a person who is granted probation or a suspension of sentence before, on or after October 1, 2007.

2.  Section 8 of this act apply to a person who is placed under a program of lifetime supervision before, on or after October 1, 2007; and

3.  Sections 9 and 10 of this act apply to a person who is released on parole before, on or after October 1, 2007.

Sec. 17.  1.  This section becomes effective upon passage and approval. Section 10.5 of this act becomes effective upon passage and approval for the purpose of adopting rules and regulations and establishing any forms necessary to carry out the provisions of that section and on October 1, 2007, for all other purposes.

2.  Sections 13 and 14 of this act become effective on July 1, 2007.

3.  Sections 1 to 10, inclusive, 15 and 16 of this act become effective on October 1, 2007.

4.  Sections 11 and 12 of this act become effective on October 1, 2007, only if Assembly Bill No. 579 of this session becomes effective.

5.  Sections 5 and 6 of this act expire by limitation on June 30, 2008.



20  ~~~~  07

