# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE AMERICAN CIVIL LIBERTIES UNION OF NEVADA, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>CATHERINE CORTEZ MASTO, et al.,<br><br>            Defendants. | 2:08-CV-822 JCM (PAL) |

## ORDER

Presently before the court is the parties' joint motion for a more definite statement. (Doc. # 149). The parties seek clarification of the scope of the injunction insomuch as it relates to the enforcement of SB 471. (Doc. # 143). After the initial hearing on the motion (doc. # 150) the court ordered supplemental briefing on the issue (docs. # 151, 152, 153).

For the reasons herein, and as discussed more fully on record at the follow-up hearing held June 25, 2014, the court clarifies as follows: the continued application of the residency and movement restrictions that existed prior to the enactment of SB 471 does not qualify as a retroactive application implicating the Due Process or Ex Post Facto Clauses. The only matters before this court and the Ninth Circuit on appeal were the prospective application of SB 471, and this lawsuit is not the proper vehicle in which to challenge the movement and residency restrictions that were in effect prior to the bill's enactment.

The court grants the motion insofar as it seeks to clarify that the terms of the injunction

**James C. Mahan**
**U.S. District Judge**

remain in effect as set forth therein (doc. # 143), and that nothing in the injunction shall prohibit the continued application of the movement and residency restrictions that were in effect prior to the enactment of SB 471, as the validity of those restrictions is not, and never has been, properly before the court.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the parties' joint motion for a more definite statement (doc. # 149) be, and the same hereby is, GRANTED in accordance with the above.

DATED July 16, 2014.

*James C. Mahan*
**UNITED STATES DISTRICT JUDGE**